IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER RAYMOND KIMMEL,
     Petitioner,

vs.                        Case No. 5:12cv166/MP/CJK

MICHAEL D. CREWS,
          Respondent.

_____

**ORDER and**
**REPORT AND RECOMMENDATION**

     This cause is before the Court upon petitioner's habeas corpus petition filed under 28 U.S.C. § 2254 (doc. 1) and supporting Affidavit of Facts and Memorandum of Law (doc. 2). Respondent moves to dismiss the petition for petitioner's failure to exhaust state court remedies. (Doc. 23). Relevant portions of the state court record have been provided. (*Id*., Attach.). Petitioner has responded in opposition to dismissal by filing a "Response and Request for Denial of Respondent's Motion to Dismiss, and for Ruling on Petitioner's Pending Motion [for Judgment on the Pleadings]".[1] (Doc. 25). Petitioner has also filed a "Motion for Leave to Amend/Supplement § 2254 Petition and Pending Pleadings" which the Court construes as a motion to supplement, because petitioner seeks to add to, as opposed

_____

[1]On January 9, 2013, the undersigned issued a recommendation that petitioner's Motion for Judgment on the Pleading be denied. (Doc. 20). That Report and Recommendation is still pending.

to replace, arguments presented in his petition. (Doc. 26). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that: (1) to the extent petitioner challenges his January 9, 2012 judgment of conviction entered in Bay County Circuit Court Case No. 11-978, the petition should be dismissed without prejudice for petitioner's failure to exhaust state court remedies and (2) to the extent petitioner challenges his 1988 plea entered in Bay County Circuit Court Case No. 86-2047, the petition should be dismissed with prejudice because petitioner fails to satisfy the "in custody" requirement for federal habeas jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

On April 11, 2011, petitioner was charged in Bay County Circuit Court Case Number 11-978 with Felony Driving Under the Influence (4th Conviction) with Property Damage (Count I), Habitual Driving While License Revoked (Count II) and Failure to Obey a Lawful Order of a Law Enforcement Officer (Count III). (Doc. 23, Ex. A). Petitioner was appointed counsel and entered into plea negotiations with the State. Petitioner and the prosecutor ultimately reached an agreement that petitioner would plead no contest to all three counts as charged in exchange for a negotiated sentence of thirty months imprisonment (total). (Doc. 23, Ex. B). Had petitioner gone to trial and lost, the State would have sought an enhanced sentence under Florida's Habitual Felony Offender statute, thereby doubling petitioner's sentence

exposure. (Doc. 2, Ex. D). Petitioner executed a Plea, Waiver and Consent form on January 9, 2012, acknowledging his understanding of the plea agreement, certifying that his plea was voluntary and free from coercion, certifying that he understood the nature of the charges and the consequences of his plea, and certifying that he fully understood the constitutional rights he was giving up by entering a plea and that he knowingly and voluntarily waived those rights. (*Id*.). On January 9, 2012, the trial court found petitioner's plea to be freely and voluntarily made, accepted petitioner's plea, and sentenced petitioner to concurrent 30-year terms of imprisonment on Counts I and II, and to time served on Count III. (Doc. 23, Exs. B, C). Petitioner did not appeal from the judgment of conviction. (Doc. 1, p. 2; Doc. 23, Ex. D).

On February 6, 2012, petitioner filed a motion to reduce or modify sentence pursuant to Florida Rule of Criminal Procedure 3.800(c) requesting that his sentence be mitigated on the following grounds: (1) physical/mental disabilities, (2) prior conviction void - miscarriage of justice, (3) 40 months more of unlawful punishment, (4) victim was initiator and provoker of incident and (5) local program – preserve family assets. (Doc. 23, Ex. E). On July 16, 2012, the trial court entered an order denying petitioner's Rule 3.800(c) motion, stating: "Although this Court sympathizes with the Defendant's situation the Defendant has not set forth any grounds sufficient to warrant any reduction, modification, or reconsideration of the Defendant's sentence." (Doc. 23, Ex. L). The trial court issued an identical order on July 19, 2012, again denying petitioner's Rule 3.800(c) motion. (Doc. 23, Ex. M).

On March 8, 2012, petitioner filed a "Motion to Correct Improperly Calculated Sentencing Scoresheet and Sentence" pursuant to Florida Rule of Criminal Procedure 3.800(a), challenging the scoring of certain points as part of his prior record.

Petitioner alleged that he was entitled to have 18.6 points removed from his scoresheet and his current sentence reduced accordingly. (Doc. 23, Ex. H). On December 7, 2012, the state trial court entered an order denying petitioner's Rule 3.800(a) motion as follows:

> The Defendant files the instant motion arguing that his current sentence is illegal due to errors on the scoresheet prepared in connection with his case . The record clearly indicates, however, that the Defendant entered a negotiated plea in this case which included a specific term of thirty (30) months incarceration with 169 days of jail credit. *See* Plea, Waiver and Consent, January 9, 2012. The Court subsequently sentenced the Defendant to a term of thirty (30) months incarceration with 169 days of jail credit in accordance with the negotiated plea agreement. *See* Judgment and Sentence, January 9, 2012. Thus, the court did not rely upon the scoresheet in sentencing the Defendant.

> It is well-established that a defendant is not entitled to relief for scoresheet errors when the defendant has been sentenced pursuant to a negotiated plea agreement because the scoresheet had no effect on the sentence imposed. *See Ruff v. State*, 840 S9. 2d 1145, 1147 (Fla. 5th DCA 2003) ("[S[coresheet errors are considered harmless when a sentence is the result of a negotiated plea agreement."). Thus, the Defendant is not entitled to relief in the instant proceeding.

(Doc. 23, Ex. N). Petitioner filed a motion for rehearing on December 18, 2012, which was denied on June 23, 2013. (Doc. 23, Exs. O, P, respectively). Petitioner filed a notice of appeal on January 6, 2013. (Doc. 23, Ex. Q). The appeal was docketed in the trial court on January 8, 2013, and transmitted to the Florida First District Court of Appeal ("First DCA"). Petitioner's appeal was docketed in the First DCA on February 4, 2013, and assigned Case Number 1D13-523.[2] (Doc. 23, Ex. Q;

---

[2]Although petitioner's appeal had not been docketed in the First DCA at the time respondent's motion to dismiss was filed on February 1, 2013, respondent provided documentation

*see also* www.baycoclerk.com; www.1dca.org). Respondent asserts, petitioner does not dispute, and the First DCA's online docket confirms that petitioner's Rule 3.800(a) appeal is still pending. (*See* Doc. 23, p. 6, Doc. 25; www.1dca.org).

While petitioner's state court proceedings were pending, petitioner filed his federal habeas petition in this Court on May 30, 2012. (Doc. 1). Petitioner identifies the judgment of conviction and sentence under attack as the January 9, 2012, judgment and sentence. (Doc. 1, p. 1). Petitioner presents the following two grounds for relief:

1. "Prior conviction obtained in violation of double jeopardy, due process has been used to enhance present sentence." Petitioner alleges in support of this claim that his 1988 plea to Vehicular Homicide entered in Bay County Circuit Court Case Number 86-247 is unconstitutional because it violates double jeopardy principles. (Doc. 1, p. 4).

2. "Ineffective Assistance of Counsel." Petitioner alleges in support of this claim: "Counsel ineffective for failing to object to all proceedings after June 30, 1988." (Doc. 1, p. 4).

As relief, petitioner seeks "resentencing without application of unconstitutional conviction and record of invalid conviction removed from all criminal databases". (Doc. 1, p. 6).

Respondent moves to dismiss the petition on the grounds that petitioner has not exhausted his state court remedies with respect to either claim. Respondent argues with regard to Ground One that: (1) petitioner did not exhaust this claim in the Rule 3.800(c) proceeding, because a challenge to the legality of a sentence is not cognizable in a Rule 3.800(c) motion – Rule 3.800(c) only vests the trial court with

---

of petitioner's Notice of Appeal and acknowledged the pendency of that appeal. (Doc. 23, pp. 4, 6).

discretion to mitigate a legal sentence; and (2) assuming petitioner's Ground One is cognizable in a Rule 3.800(a) motion and that petitioner presented this ground for relief in his Rule 3.800(a) proceeding, the claim is not fully exhausted because petitioner's Rule 3.800(a) appeal is still pending. (Doc. 23, pp. 5-6). Respondent asserts that Ground Two is unexhausted, because petitioner has not presented to any state court an ineffective assistance of counsel claim with regard to his January 9, 2012, judgment and sentence, and petitioner still has the opportunity to do so through a motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. (Doc. 23, p. 6).

Petitioner responds that he exhausted his state court remedies with respect to both claims, because he presented constitutional challenges to his 1988 plea in Case Number 86-2047 in various state trial and appellate court proceedings in 1993 and 1994. (Doc. 25, p. 2) (citing *Kimmel v. State*, 630 So.2d 183 (Fla. 1st DCA 1993), *Kimmel v. State*, 642 So.2d 748 (Fla. 1st DCA 1994), and *Kimmel v. State*, 629 So.2d 1110 (Fla. 1st DCA 1994)).

## DISCUSSION

Section 2254 provides that before federal habeas relief can be granted, the petitioner must exhaust all available state court remedies with respect to his claims, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and

---

[3]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)  the applicant has exhausted the remedies available in the courts of the State; or

correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.

Construing petitioner's Ground One as a challenge to the constitutionality of petitioner's 2012 plea and sentence on due process grounds (that petitioner's 2012 sentence violates due process because it was "enhanced" by the allegedly unconstitutional 1988 plea) petitioner's claim is unexhausted. Petitioner did not present a due process challenge to the legality of his 2012 plea and sentence in his Rule 3.800(c) motion. Rather, petitioner's Rule 3.800(c) motion argued that the state court should exercise its discretion and mitigate petitioner's sentence because he had been "punished several times over" for the conduct that was the subject of his 1988 plea. Petitioner specifically conceded: "[D]efendant does <u>not</u> challenge the prior conviction <u>in</u> <u>this</u> <u>motion</u>, but asks only that the court consider the facts surrounding same <u>solely</u> <u>for</u> <u>purposes</u> <u>of</u> <u>mitigation</u>". (Doc. 23, Ex. E, p. 1 ¶ 2) (emphasis in

---

(B) (i)  there is an absence of available State corrective process; or

(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

original). Assuming for purposes of argument (but not deciding) that petitioner presented the substance of Ground One in his Rule 3.800(a) motion, petitioner's claim is unexhausted because petitioner's Rule 3.800(a) appeal remains pending.

Construing petitioner's Ground Two as asserting an ineffective assistance claim with respect to petitioner's January 9, 2012, plea and sentence, petitioner has not exhausted that claim, because petitioner has not presented the claim to any state court.

Petitioner argues in opposition to dismissal that he exhausted his state court remedies with respect to both claims by filing state court challenges to his 1988 plea in 1993 and 1994. (Docs. 25, 26). Petitioner's January 9, 2012 judgment and sentence was not in existence at the time those challenges were filed; therefore petitioner could not have exhausted claims concerning the constitutionality of his 2012 plea and sentence through those efforts. To accept petitioner's argument would be to construe petitioner's present claims as challenging petitioner's 1988 plea and not petitioner's 2012 judgment and sentence. The Court lacks subject matter jurisdiction to entertain claims directed at petitioner's 1988 plea, because petitioner was not "in custody" pursuant to the 1988 plea at the time his § 2254 petition was filed.

A federal district court may entertain a petition for habeas corpus relief filed by a person "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or law or treaties of the United States") (emphasis added); *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S. Ct. 1567, 1572, 149 L. Ed. 2d

608 (2001) ("The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'"). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989) (per curiam). Although federal courts broadly construe the phrase "in custody," the "in custody" requirement has not been extended to cover a scenario where a petitioner suffers no "present restraint" from the conviction being challenged. *See Maleng*, 490 U.S. at 492, 109 S. Ct. at 1926. In *Maleng*, the Supreme Court held that "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time the petition in filed." 490 U.S. at 491; 109 S. Ct. at 1925.

The record establishes that petitioner was sentenced on his 1988 plea to time served, and that petitioner had fully satisfied that sentence at the time he filed his § 2254 petition on May 30, 2012. (*See* Doc. 2, Exs. B, C). Petitioner argues that he satisfies the "in custody" requirement because the 1988 plea "added 14 points to Kimmel's sentencing exposure" and "definitely 'adversely affected the sentence that is the subject of the habeas petition.'" (Doc. 26, p. 3). Petitioner explains that when he (through counsel) negotiated his 2012 plea, the prosecutor determined her plea offer based on a Criminal Punishment Code Scoresheet in which petitioner was scored 14 points for the 1988 plea despite defense counsel's position that the 1988 plea should not be considered. (Doc. 26). Petitioner's exhibits support his allegation that the prosecutor considered the 1988 plea in determining an initial plea offer of 37

months. (Doc. 2, Ex. D). Petitioner argues that the Supreme Court's decisions in *Coss*, *supra*, and *Daniels v. United States*, 532 U.S. 374, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001), compel the conclusion that he is still "in custody" under the 1988 plea.

In *Coss*, the defendant was convicted of Pennsylvania state crimes in 1986. Coss served his time and was later convicted of another state crime in 1990. In calculating the sentence on the later crime, the sentencing court took into consideration Coss' prior criminal record which included the 1986 convictions. *Coss*, 532 U.S. at 398-99. The Supreme Court held:

> Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions. Coss is, however, currently serving the sentence for his 1990 conviction. Like the respondent in *Maleng*, Coss' § 2254 petition can be (and has been) construed as "asserting a challenge to the [1990] senten[ce], as enhanced by the allegedly invalid prior [1986] conviction." *Id*., at 493, 109 S. Ct. 1923. *See also supra*, at 1572. Accordingly, Coss satisfies § 2254's "in custody" requirement. *Cf. Daniels, post*, at 383, 384, n. 2, 121 S. Ct. 1578 (stating that the text of § 2255, which also contains an "in custody" requirement, is broad enough to cover a claim that a current sentence enhanced by an allegedly unconstitutional prior conviction violates due process).

*Id*., 532 U.S. at 401-02.

Unlike the situation in *Coss*, petitioner's current sentence was not enhanced by his 1988 expired conviction. There is no evidence that the sentencing judge in Case No. 11-978 was aware of, much less considered, petitioner's 1988 plea in determining petitioner's current sentence. To the contrary, the record establishes that the sentencing judge's only consideration at sentencing was the sentence the parties had negotiated – thirty months. (Doc. 23, Exs. B, C, N). Unlike Mr. Coss' sentence, petitioner's sentence was not the product of the sentencing court's calculating

petitioner's score based on petitioner's prior record and other factors, and then determining a sentence within the range of the State's sentencing guidelines. Petitioner's sentence was the product of petitioner negotiating a thirty-month sentence with the prosecutor, and knowingly and voluntarily agreeing to plead no contest in exchange for the thirty-month sentence he negotiated. The sentencing court did not consider petitioner's prior record, the 1988 plea or the sentencing scoresheet. The sentencing court only considered the parties' negotiated sentence. The core purpose of habeas review – the shortening of the overall term of petitioner's incarceration – is not implicated in this scenario. This Court's grant of habeas relief on the 1988 plea would do nothing to alter petitioner's present term of incarceration. As petitioner is not "in custody" pursuant to his 1988 plea, he cannot bring a federal habeas action directed solely at that plea.

## CONCLUSION

To the extent petitioner claims his January 9, 2012, judgment of conviction and sentence is unconstitutional on grounds of due process and ineffective assistance of counsel, petitioner's claims are not exhausted. Because petitioner still has the right to raise his constitutional challenges to his January 9, 2012, plea and sentence in state court, respondent's motion to dismiss should be granted and this case dismissed without prejudice to petitioner seeking federal habeas relief from his 2012 judgment of conviction and sentence after properly exhausting his state court remedies. To the extent petitioner's § 2254 petition is directed at petitioner's 1988 plea, petitioner fails to satisfy the "in custody" requirement for federal habeas jurisdiction, and this Court is without jurisdiction to decide the petition's merits.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

Petitioner's "Motion for Leave to Amend/Supplement § 2254 Petition and Pending Pleadings (doc. 26), construed as a motion to supplement petitioner's § 2254 petition, is GRANTED to the extent petitioner's supplement has been considered.

And it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 23) be GRANTED.

2.  That to the extent petitioner's § 2254 petition is construed as challenging petitioner's January 9, 2012 judgment entered in Bay County Circuit Court Case Number 11-978, the petition be DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust state court remedies.

3.  That to the extent petitioner's § 2254 is construed as challenging petitioner's 1988 plea entered in Bay County Circuit Court Case Number 86-2047, the petition be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction

4.  That the clerk be directed to close the file.

5.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 27th day of February, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).