**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

CHRISTOPHER RAYMOND KIMMEL,

      Petitioner,

v.                                       CASE NO. 5:12-cv-00166-MP-CJK

MICHAEL D CREWS, KENNETH S TUCKER,

      Respondents.

_____/

**O R D E R**

      This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated February 27, 2013. (Doc. 27). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1), and petitioner did so at Doc. 29. I have made a <u>de novo</u> determination of any timely filed objections.

      Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted. To the extent petitioner challenges his January 9, 2012 judgment of conviction, the petition should be dismissed without prejudice for petitioner's failure to exhaust state court remedies.

      Also, to the extent petitioner challenges his 1988 plea entered in Bay County Circuit Court Case No. 86-2047, the petition should be dismissed with prejudice because petitioner fails to satisfy the "in custody" requirement for federal habeas jurisdiction. Previously, the Eleventh Circuit in <u>Harper v. Evans</u>, 941 F.2d 1538 (11th Cir. 1991) - cited by petitioner in his objections - had held that incarceration under the current sentence would be sufficient, but the Supreme

Court held otherwise in 2001.  In <u>Lackawanna County Dist. Att'y v. Coss</u>, 532 U.S. 394, 396-97, 121 S.Ct. 1567, 1570, 149 L.Ed.2d 608 (2001), the Court held that Federal post-conviction relief is generally unavailable to challenge "a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." (petitioner was in custody based on a criminal sentence that had been enhanced by an expired prior conviction).  Noting the need for finality and to ease administrative review, the Supreme Court reasoned that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." <u>Id.</u> at 403, 121 S.Ct. at 1574. This is so even if the conviction has been used to enhance a criminal sentence. <u>Id.</u> at 403-04, 121 S.Ct. at 1574.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Respondent's motion to dismiss (doc. 23) is GRANTED.

3. To the extent petitioner's § 2254 petition is construed as challenging petitioner's January 9, 2012 judgment entered in Bay County Circuit Court Case Number 11-978, the petition is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust state court remedies.

4. To the extent petitioner's § 2254 is construed as challenging petitioner's 1988 plea entered in Bay County Circuit Court Case Number 86-2047, the petition is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction

5.      The clerk is directed to close the file.

6.      No certificate of appealability is appropriate in this case.

**DONE AND ORDERED** this _22nd_ day of April, 2013

_s/Maurice M. Paul_

Maurice M. Paul, Senior District Judge